UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DRAKKAR WILLIAMS,

               Plaintiff,

                                   CA:  25-11390-CV

-vs-

                                     HON.  NANCY G. EDMUNDS

LIEUTENANT MATTHEW FURMAN,         MAG.  CURTIS IVY, JR.
OFFICER M. RAHMAN, CITY OF
MELVINDALE, in their individual and
official capacity,

               Defendants.

_____/

ROBINSON & ASSOCIATES
David A. Robinson (P38754)
Attorney for Plaintiff
28145 Greenfield Rd., Ste. 100
Southfield, MI  48076
(248) 423-7234
davidrobinsonlaw@gmail.com

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
Holly S. Battersby  (P72023)
Amanda P. Waske (P81128)
Attorneys for Defendant Furman
27555 Executive Drive, Ste. 250
Farmington Hills, MI  48331
(248) 489-4100
hbattersby@rsjalaw.com
awaske@rsjalaw.com

PLUNKETT COONEY
Audrey J. Forbush  (P41744)
Attorney for Defendants City
and Rahman
111 E. Court St., Ste. 1B
Flint, MI  48502
(810) 342-7014
aforbush@plunkettcooney.com

_____/

**<ins>DEFENDANT LIEUTENANT MATTHEW FURMAN'S</ins>**
**<ins>ANSWER TO PLAINTIFF'S COMPLAINT</ins>**

     Defendant, **LIEUTENANT MATTHEW FURMAN**, by and through his attorneys,

**ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C.**, for his Answer to Plaintiff's

Complaint, states as follows:

## PARTIES

a.   The content of this subparagraph appears to be a typographical error, not containing any assertion or allegation to which a response by this Defendant is necessary.  To the extent a response is required, Defendant objects as the content of this Paragraph is vague, ambiguous and incomprehensible as asserted.

1.     Defendant objects to the portion of this Paragraph which states "Hiring and/or retaining as law enforcement officers and supervisors, certain persons whom the Defendant City of . . ." as it is vague, ambiguous, incomprehensible as asserted and appear to be a typographical error, leaving this Defendant incapable of responding.  Defendant neither admits nor denies the allegation contained in this Paragraph pertaining to Plaintiff Drakkar Williams' residency, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

2.     Defendant objects to the allegations asserted in this Paragraph as vague and ambiguous as to time.  Defendant admits that he was a resident of the State of Michigan and was employed as a police officer in the City of Melvindale on the date he had contact with Plaintiff, as more fully described in the Complaint.  Upon information and belief Defendant Rahman was also a resident of the State of Michigan and was employed as a police officer in the City of Melvindale on the date he had contact with Plaintiff, as more fully described in the Complaint.

3.     Admit.

## JURISDICTION AND VENUE

4.     Defendant Furman objects to the allegations contained in this Paragraph as they are vague and ambiguous as to time and act.  Without waiving these objections, during his contact with Plaintiff as described in the Complaint, Defendant Furman was employed as a police officer acting under color of state law and pursuant to customs, policies and practices of his Department.

Defendant Furman neither admits nor denies the allegations contained in this Paragraph as they pertain to Defendant Rahman, not having sufficient information to form a belief, and leaves Plaintiff to his proofs.

5.     Defendant Furman denies any allegation or insinuation contained in this Paragraph that Plaintiff has a viable cause of action under the laws of the State of Michigan, the United States Constitution and/or 42 USC §1983 for the reason that any allegation or insinuation would be untrue.

6.     Defendant Furman denies any allegation or insinuation contained in this Paragraph that Defendant Furman engaged in any action that would for the basis for a viable lawsuit for the reason that any such allegation or insinuation would be untrue.

7.     Defendant Furman denies any allegation that there is any amount in controversy as it relates to any claim asserted by Plaintiff against him for the reason that this is untrue.

## FACTUAL ALLEGATIONS

8.     Defendant Furman neither admits nor denies the allegations contained in this Paragraph, not having sufficient information to form a belief and leaves Plaintiff to his proofs, particularly because this allegation is vague and ambiguous as to time.  Defendant Furman affirmatively states that just before he stopped Plaintiff, Plaintiff was operating a motor vehicle around construction barricades and onto a closed road into a work zone that was not open to the public.

9.     Admit.

10.     Defendant Furman admits that he approached the vehicle was driving, but denies that the vehicle in question was Plaintiff's for the reason that this is untrue.  Defendant Furman likewise denies the remainder of the allegations contained in this Paragraph for the reason that they

mischaracterize Defendant Furman's actions on the date of the incident and because they are otherwise untrue.

11.     Defendant Furman neither admits nor denies the allegations contained in this Paragraph, not having sufficient information to form a belief, and leaves Plaintiff to his proofs.

12.     Defendant Furman admits that he radioed for backup and Defendant Rahman arrived on scene.  Defendant Furman neither admits nor denies the allegation s contained in this Paragraph pertaining to Plaintiff's interaction with a Dearborn Police Officer, not having sufficient information to form a belief, and leaves Plaintiff to his proofs.  Defendant Furman denies the remaining allegations contained in this Paragraph as they misrepresent this Defendant's actions, mischaracterize this Defendant's interaction with Plaintiff, misstate Plaintiff's actions and alleged compliance and because they are otherwise untrue.

13.     Defendant Furman denies the allegations contained in this Paragraph as they mischaracterize this Defendant's actions, misrepresent Defendant Rahman's alleged control over Plaintiff, misstate Plaintiff's actions during the subject encounter and because they are otherwise untrue.

14.     Defendant Furman denies the allegations contained in this Paragraph as untrue.

15.     Defendant Furman denies the allegations contained in this Paragraph that he engaged in illegal conduct or excessive force during the subject encounter and that he and Defendant Rahman were "supervisor[s] of the same rank" on the date of the subject incident for the reason that these allegations are untrue.

16.     Defendant Furman denies the allegations contained in this Paragraph as they misrepresent this Defendant's actions, mischaracterize this Defendant's interaction with Plaintiff, misstate the nature of Plaintiff's communications and because they are otherwise untrue.

17.     Defendant Furman denies the allegations contained in this Paragraph as they mischaracterize the reason for medical attention being summoned on Plaintiff's behalf, misrepresent that Plaintiff was no longer a threat to the officers on scene, mischaracterize this Defendant's actions and because they are otherwise untrue.

18.     Defendant Furman denies the allegation that he had a "continuing pattern of illegal infliction of physical, verbal and mental harm upon the Plaintiff" for the reason that this allegation is untrue.

19.     Defendant Furman denies the allegations contained in this Paragraph, insofar as they pertain to him as they mischaracterize the content of this Defendant's police report, misrepresent this Defendant's actions during the subject encounter,  To the extent the allegations contained in this Paragraph pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

20.     Defendant Furman denies the allegations contained in this Paragraph for the reason that they mischaracterize the encounter between this Defendant and Plaintiff, misrepresent this Defendant's actions and because they are otherwise untrue.

21.     Defendant Furman denies the allegations contained in this Paragraph, insofar as they pertain to him, including each of its subparts, for the reason that they mischaracterize this Defendant's actions, misstate the cause and magnitude of Plaintiff's damages, misstate the basis for Plaintiff's arrest and vehicle search because they are otherwise untrue.

22.     Defendant Furman denies the allegations contained in this Paragraph, insofar as they pertain to him, including each of its subparts, for the reason that they misrepresent the nature and cause of Plaintiff's alleged damages.

WHEREFORE, Defendant Furman respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and with an award of the costs and attorneys fees so wrongfully incurred in defending this action.

## COUNT I – GROSS NEGLIGENCE

23.     Defendant Furman re-states his Answers to all previous Paragraphs as though fully set forth herein.

27.     [SIC]  Insofar as the allegations in this Paragraph, including each of its subparts, pertain to Defendant Furman, he denies these allegations as they do not fully and accurately set forth the applicable law, do not accurately set forth this Defendant's duties under the law and because they are otherwise untrue.  To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief, and leaves Plaintiff to his proofs.

28.     [SIC]  Insofar as the allegations in this Paragraph pertain to Defendant Furman, he denies these allegations as they misrepresent his actions and because they are otherwise untrue. To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief, and leaves Plaintiff to his proofs.

29.     [SIC]  Insofar as the allegations in this Paragraph pertain to Defendant Furman, he denies these allegations as they misrepresent his actions and because they are otherwise untrue. To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief, and leaves Plaintiff to his proofs.

30.     [SIC] Insofar as the allegations in this Paragraph pertain to Defendant Furman, he denies these allegations as they misrepresent his actions and because they are otherwise untrue.

To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief, and leaves Plaintiff to his proofs.

31.     [SIC] This Paragraph contains a legal conclusion which does not require a response from Defendant Furman.  To the extent a response is required, and insofar as the allegations contained in this Paragraph pertain to Defendant Furman, this Defendant denies any allegation or insinuation that Plaintiff can state a claim for gross negligence against him as any such allegation or insinuation would be untrue.  To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

32.     [SIC] Insofar as the allegations contained in this Paragraph pertain to Defendant Furman, this Defendant denies those allegations as they misstate the nature and cause of Plaintiff's alleged damages and because they are otherwise untrue.  To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

WHEREFORE, Defendant Furman respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and with an award of the costs and attorneys fees so wrongfully incurred in defending this action.

## COUNT II
### PLAINTIFF WILLIAMS' CLAIM OF ASSAULT AND BATTERY AND FALSE ARREST AGAINST INDIVIDUAL DEFENDANTS

33.     [SIC] Defendant Furman re-states his Answers to all previous Paragraphs as though fully set forth herein.

34.     [SIC] Insofar as the allegations contained in this Paragraph pertain to Defendant Furman, this Defendant denies those allegations as they misstate the nature of the duties Defendant

Furman was performing during his interaction with Plaintiff and because they are otherwise untrue. To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

35.    [SIC] Insofar as the allegations contained in this Paragraph pertain to Defendant Furman, this Defendant denies those allegations as they misstate the nature of the decision-making and duties Defendant Furman was performing during his interaction with Plaintiff and because they are otherwise untrue. To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

36.    [SIC] Insofar as the allegations contained in this Paragraph pertain to Defendant Furman, this Defendant denies those allegations as they misstate this Defendant's actions, mischaracterize the nature of this Defendant's duties and because they are otherwise untrue. To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

37.    [SIC] Insofar as the allegations contained in this Paragraph, including each of its subparts, pertain to Defendant Furman, this Defendant denies those allegations as they do not fully and accurately state this Defendant's duties under the law, mischaracterize this Defendant's actions during his encounter with Plaintiff and because they are otherwise untrue. To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

38.    [SIC] Insofar as the allegations contained in this Paragraph pertain to Defendant Furman, this Defendant denies those allegations mischaracterize this Defendant's actions during

his encounter with Plaintiff, misrepresent the nature of this Defendant's duties and because they are otherwise untrue. To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

39.    [SIC] Insofar as the allegations contained in this Paragraph pertain to Defendant Furman, this Defendant denies those allegations mischaracterize this Defendant's actions during his encounter with Plaintiff, misrepresent the nature of this Defendant's duties and because they are otherwise untrue. To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

40.    [SIC] Insofar as the allegations contained in this Paragraph, including each of its subparts, pertain to Defendant Furman, this Defendant denies those allegations for the reason that they mischaracterize this Defendant's actions during his encounter with Plaintiff, because they misrepresent the nature of this Defendant's duties and because they are otherwise untrue. To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

41.    [SIC] Insofar as the allegations contained in this Paragraph pertain to Defendant Furman, this Defendant denies those allegations for the reason that they mischaracterize this Defendant's actions during his encounter with Plaintiff, because they misrepresent the nature of this Defendant's duties, because they mischaracterize the nature, cause and magnitude of Plaintiff's claimed injuries and because they are otherwise untrue. To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

42. [SIC] Insofar as the allegations contained in this Paragraph pertain to Defendant Furman, this Defendant denies those allegations for the reason that they mischaracterize this Defendant's actions during his encounter with Plaintiff, because they misrepresent the nature of this Defendant's duties, because they mischaracterize the nature, cause and magnitude of Plaintiff's claimed injuries and because they are otherwise untrue. To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

WHEREFORE, Defendant Furman respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and with an award of the costs and attorneys fees so wrongfully incurred in defending this action.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. [SIC] Defendant Furman re-states his Answers to all previous Paragraphs as though fully set forth herein.

44. [SIC] Insofar as the allegations contained in this Paragraph, including each of its subparts, pertain to Defendant Furman, this Defendant denies those allegations for the reason that they mischaracterize this Defendant's actions during his encounter with Plaintiff, because they misrepresent the nature of this Defendant's duties, mischaracterize the content of this Defendant's police report and because they are otherwise untrue. To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

45. [SIC] Insofar as the allegations contained in this Paragraph, including each of its subparts, pertain to Defendant Furman, this Defendant denies those allegations for the reason that they mischaracterize this Defendant's actions during his encounter with Plaintiff, because they misrepresent the nature of this Defendant's duties, mischaracterize the content of this Defendant's

police report and because they are otherwise untrue. To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

46.    [SIC] Insofar as the allegations contained in this Paragraph ,pertain to Defendant Furman, this Defendant denies those allegations for the reason that they mischaracterize this Defendant's actions during his encounter with Plaintiff, because they misrepresent the nature, cause and magnitude of Plaintiff's damages and because they are otherwise untrue. To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

WHEREFORE, Defendant Furman respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and with an award of the costs and attorneys fees so wrongfully incurred in defending this action.

## COUNT IV
## 42 USC 1983
## PLAINTIFF WILLIAMS' CLAIMS OF UNREASONABLE SEARCH AND SEIZURE AGAINST INDIVIDUAL DEFENDANTS

47.    [SIC] Defendant Furman re-states his Answers to all previous Paragraphs as though fully set forth herein.

48.    [SIC] Insofar as the allegations contained in this Paragraph pertain to Defendant Furman, this Defendant objects as these allegations are vague and ambiguous as to time and act. Without waiving these objections, Defendant Furman was acting in his individual capacity as a MCOLES certified police officer during his encounter with Plaintiff.   To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

49.    [SIC] This Paragraph contains a legal conclusion which does not require a response from Defendant Furman.  To the extent a response is required, this Defendant denies any allegation

or insinuation that he infringed upon any of Plaintiff's clearly established rights to be secure in his person or property or to be free from unreasonable searches or seizures as any such allegation or insinuation would be untrue.

50.     [SIC] Insofar as the allegations contained in this Paragraph pertain to Defendant Furman, this Defendant denies these allegations as they misrepresent his conduct and because they are otherwise untrue.  To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

WHEREFORE, Defendant Furman respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and with an award of the costs and attorneys fees so wrongfully incurred in defending this action.

**COUNT V**
**42 USC 1983**
**PLAINTIFF WILLIAMS' CLAIM OF EXCESSIVE/UNREASONABLE FORCE
AGAINST ALL DEFENDANTS**

51.     [SIC] Defendant Furman re-states his Answers to all previous Paragraphs as though fully set forth herein.

52.     [SIC] Insofar as the allegations contained in this Paragraph pertain to Defendant Furman, this Defendant objects as these allegations are vague and ambiguous as to time and act. Without waiving these objections, Defendant Furman was acting in his individual capacity as a MCOLES certified police officer during his encounter with Plaintiff.  To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

53.     [SIC] This Paragraph contains a legal conclusion which does not require a response from Defendant Furman.  To the extent a response is required, this Defendant denies any allegation or insinuation that he infringed upon any of Plaintiff's clearly established rights to be "safe and

12

secure from excessive or unreasonable force by police officers," as any such allegation or insinuation would be untrue.

54.    [SIC] Insofar as the allegations contained in this Paragraph pertain to Defendant Furman, this Defendant denies these allegations as they misrepresent his conduct and because they are otherwise untrue.  To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

55.    [SIC] Insofar as the allegations contained in this Paragraph pertain to Defendant Furman, this Defendant denies these allegations as they misrepresent the nature, cause and magnitude of Plaintiff's alleged damages and because they are otherwise untrue.

WHEREFORE, Defendant Furman respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and with an award of the costs and attorneys fees so wrongfully incurred in defending this action.

## COUNT VI
### 42 USC 1983
### FIRST AMENDMENT RETALIATION FOR PROTECTED SPEECH AGAINST ALL INDIVIDUAL DEFENDANTS

56.    [SIC] Defendant Furman re-states his Answers to all previous Paragraphs as though fully set forth herein.

57.    [SIC] Insofar as the allegations contained in this Paragraph pertain to Defendant Furman, this Defendant objects as these allegations are vague and ambiguous as to time and act. Without waiving these objections, Defendant Furman was acting in his individual capacity as a MCOLES certified police officer during his encounter with Plaintiff.  To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

58.     [SIC] This Paragraph contains a legal conclusion which does not require a response from Defendant Furman.  To the extent a response is required, this Defendant denies any allegation or insinuation that he infringed upon any of Plaintiff's clearly established rights to be "free from retaliation by police officers" as any such allegation or insinuation would be untrue.

59.     [SIC] Insofar as the allegations contained in this Paragraph pertain to Defendant Furman, this Defendant denies these allegations as they misrepresent his conduct and because they are otherwise untrue.  To the extent these allegations pertain to any other Defendant, Defendant Furman neither admits nor denies these allegations, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

60.     [SIC] Insofar as the allegations contained in this Paragraph pertain to Defendant Furman, this Defendant denies these allegations as they misrepresent the nature, cause and magnitude of Plaintiff's alleged damages and because they are otherwise untrue.

WHEREFORE, Defendant Furman respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and with an award of the costs and attorneys fees so wrongfully incurred in defending this action.

**COUNT VII**
**42 USC 1983**
**MUNICIPAL LIABILITY AGAINST THE CITY OF MELVINDALE**

61.     [SIC] Defendant Furman re-states his Answers to all previous Paragraphs as though fully set forth herein.

62.     [SIC] Defendant Furman neither admits nor denies the allegations contained in this Paragraph, including each of its subparts, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

63.     [SIC] Defendant Furman neither admits nor denies the allegations contained in this Paragraph, not having sufficient information to form a belief and leaves Plaintiff to his proofs.

64.    [SIC] Insofar as the allegations contained in this Paragraph pertain to Defendant Furman, he denies these allegations for the reason that they mischaracterize his conduct during his interaction with Plaintiff, misrepresent the nature, cause and magnitude of Plaintiff's alleged damages and because they are otherwise untrue.

WHEREFORE, Defendant Furman respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and with an award of the costs and attorneys fees so wrongfully incurred in defending this action.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC

/s/Holly S. Battersby
Attorney for Defendant Furman
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
hbattersby@rsjalaw.com
(P72023)

DATED:  May 19, 2025

15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DRAKKAR WILLIAMS,

          Plaintiff,

                                    CA:  25-11390-CV

-vs-

                                      HON.  NANCY G. EDMUNDS
LIEUTENANT   MATTHEW   FURMAN,         MAG. CURTIS IVY, JR.
OFFICER   M.   RAHMAN,   CITY   OF
MELVINDALE,   in   their   individual   and
official capacity,

          Defendants.

_____ /

| | |
|---|---|
| ROBINSON & ASSOCIATES<br>David A. Robinson (P38754)<br>Attorney for Plaintiff<br>28145 Greenfield Rd., Ste. 100<br>Southfield, MI  48076<br>(248) 423-7234<br>davidrobinsonlaw@gmail.com | ROSATI SCHULTZ JOPPICH<br>& AMTSBUECHLER PC<br>Holly S. Battersby  (P72023)<br>Amanda P. Waske (P81128)<br>Attorneys for Defendant Furman<br>27555 Executive Drive, Ste. 250<br>Farmington Hills, MI  48331<br>(248) 489-4100<br>hbattersby@rsjalaw.com<br>awaske@rsjalaw.com |
| PLUNKETT COONEY<br>Audrey J. Forbush  (P41744)<br>Attorney for Defendants City<br>and Rahman<br>111 E. Court St., Ste. 1B<br>Flint, MI  48502<br>(810) 342-7014<br>aforbush@plunkettcooney.com | |

_____ /

## AFFIRMATIVE DEFENSES

     Defendant, **LIEUTENANT MATTHEW FURMAN**, by and through his attorneys,

**ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C.,** states as follows for his

Affirmative Defenses:

1.     Plaintiff has failed to state a claim against this Defendant.

2.     Plaintiff's claims are barred by the applicable statutes of limitations.

3.     Plaintiff's claims under federal law are barred by the application of qualified immunity or other immunity provided by federal law.

4.     Plaintiff's claims under state law, to the extent any exist, are barred by the application of governmental immunity or other immunity provided by state law.

5.     Plaintiff's injuries, if any, are the result of the Plaintiff's own illegal or wrongful conduct.

6.     Plaintiff's injuries, if any, are the result of Plaintiff's own comparative negligence or wrongful conduct.

7.     Plaintiff's injuries, if any, are the result of the acts of persons other than this Defendant.

8.     Plaintiff's claims are barred by the application of res judicata or collateral estoppel.

9.     Defendant did not violate any of Plaintiff's clearly established constitutional rights.

10.    Any force used upon Plaintiff was reasonable and necessary under the circumstances and was not excessive.

11.    There was ample probable cause for the arrest of the Plaintiff.

12.     Defendant Furman did not act in a grossly negligent manner during any of his contact with Plaintiff.

13.     Defendant Furman was not "the" proximate cause of any injury alleged by Plaintiff.

14.     Plaintiff did not suffer a sufficient liberty deprivation to sustain an action pursuant to 42 USC 1983.

15.     Defendant Furman was involved in discretionary, not ministerial acts during his contact with Plaintiff.

16.     Defendant Furman was acting in good faith at all times during his contact with Plaintiff.

17.     Plaintiff suffered no First Amendment deprivation as a result of any action or inaction by these Defendants.

18.     Defendants did not retaliate against Plaintiff for engaging in any constitutionally protected conduct.

19.     Defendants' actions in relation to Plaintiff were not adverse, such that they would deter a man of ordinary firmness from engaging in constitutionally protected conduct.

20.     Defendants' alleged actions were not motivated by Plaintiff's protected conduct.

21.     Plaintiff cannot establish liability based on a *respondeat superior* theory.

22.     Plaintiff has failed to mitigate his damages.

23.     Defendants reserve the right to plead additional Affirmative Defenses as they become known through discovery.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC


/s/ Holly S. Battersby
Attorney for Defendant Furman
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
hbattersby@rsjalaw.com
(P72023)

DATED:  May 19, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DRAKKAR WILLIAMS,

        Plaintiff,

                                             CA: 25-11390-CV

-vs-

                                             HON. NANCY G. EDMUNDS
                                             MAG. CURTIS IVY, JR.

LIEUTENANT MATTHEW FURMAN,
OFFICER M. RAHMAN, CITY OF
MELVINDALE, in their individual and
official capacity,

        Defendants.

_____ /

ROBINSON & ASSOCIATES
David A. Robinson (P38754)
Attorney for Plaintiff
28145 Greenfield Rd., Ste. 100
Southfield, MI 48076
(248) 423-7234
davidrobinsonlaw@gmail.com

PLUNKETT COONEY
Audrey J. Forbush (P41744)
Attorney for Defendants City
and Rahman
111 E. Court St., Ste. 1B
Flint, MI 48502
(810) 342-7014
aforbush@plunkettcooney.com

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
Holly S. Battersby (P72023)
Amanda P. Waske (P81128)
Attorneys for Defendant Furman
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
hbattersby@rsjalaw.com
awaske@rsjalaw.com

_____ /

**<u>RELIANCE UPON JURY DEMAND</u>**

       NOW COMES Defendant, **LIEUTENANT MATTHEW FURMAN**, by and through his

attorneys, **ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C.**, and hereby relies

upon Plaintiff's demand for a trial by jury in the above-entitled cause of action.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC


/s/ Holly S. Battersby
Attorney for Defendant Furman
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
hbattersby@rsjalaw.com
(P72023)

DATED:  May 19, 2025


## CERTIFICATE OF SERVICE


I hereby certify that on May 19, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record; and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: [NONE]


Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC

/s/ Holly S. Battersby
Attorney for Defendant Furman
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
hbattersby@rsjalaw.com
(P72023)